# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SUZANNE B. CONLON | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4834 | **DATE** | 9/2/08 |
| **CASE TITLE** | Derrick Haynes (#2007-0077847), et al. v. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiffs' respective motions for leave to proceed *in forma pauperis* [docket nos. 3, 4, 5 and 6] are granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions from each inmate's trust fund account toward payment of the filing fee in accordance with this order. **Each plaintiff must pay a separate $350.00 filing fee.** The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. The plaintiffs' motion for appointment of counsel [#7] is granted. Anthony T. Eliseuson, Sonnenschein, Nath & Rosenthal, LLP, 7800 Sears Tower / Chicago, Illinois 60606, (312) 876-3139 is appointed to represent the plaintiffs in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

■ [For further details see text below.]

*Suzanne B. Conlon*
Docketing to mail notices.

## STATEMENT

The plaintiffs, four inmates at the Cook County Correctional Center who maintain that they are mentally ill, have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiffs claim that the defendants, jail officials, have violated the plaintiffs' constitutional rights by acting with deliberate indifference to their mental health needs and by subjecting them to inhumane conditions of confinement. More specifically, the plaintiffs allege that the defendants have closed a residential treatment unit and placed inmates with psychiatric problems in a maximum security division and denied them needed mental health care; they additionally maintain that myriad problems and deficiencies in their current housing unit (unsanitary environment, pest infestation, laundry issues, a shortage of beds, ineffective grievance procedures, etc.) all create a totality of conditions that amount to "punishment" of pretrial detainees without due process.

The plaintiffs' respective motions for leave to proceed *in forma pauperis* are granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff Haynes is assessed an initial partial filing fee of $2.50. Plaintiff Perconti is assessed an initial partial filing fee of $3.33. The initial partial filing fee is waived as to plaintiff Rogers pursuant to 28 U.S.C. § 1915(b)(4). Plaintiff Hill is assessed an initial partial filing fee of $1.33. The trust fund officer **(CONTINUED)**

mjm

at the plaintiffs' current place of incarceration is authorized and ordered to collect the partial filing fee from each plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, each plaintiff's trust fund officer is directed to collect monthly payments from that plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow each plaintiff wherever he may be transferred. The trust fund officer is advised that **each co-plaintiff is obligated to pay a full, separate statutory filing fee**. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004).

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiffs' allegations as true, the court finds that the complaint articulates colorable causes of action under 42 U.S.C. § 1983. The Due Process Clause prohibits deliberate indifference to the serious medical and mental health needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Likewise, pretrial detainees may not be subjected to living conditions so inhumane as to rise to the level of "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). While a more fully developed record may belie the plaintiffs' allegations, the defendants must respond to the complaint.

The clerk shall issue summonses for service of the complaint on the defendants. The clerk shall also send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiffs to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Finally, the plaintiffs' motion for appointment of counsel is granted. Incarcerated, mentally ill, *pro se* litigants cannot litigate a potential class action. Anthony T. Eliseuson / Sonnenschein, Nath & Rosenthal, LLP / 7800 Sears Tower / Chicago, Illinois 60606 / (312) 876-3139 is appointed to represent the plaintiffs in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.).

*Suzanne B. Conlon*