**FILED**

**SEPTEMBER 2, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RECEIVED

AUG 2 5 2008
AUG 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| DERRICK HAYNES #20070077847<br>THOMAS M. PERCONTI #20070035070<br>CHARLES HILL #20050084808<br>FRED ROGERS #20070020387 | )<br><br>)<br><br>) |
| Plaintiffs, | ) |
| | ) |
| —vs— | ) |
| | ) |
| THOMAS DART,<br>SHERIFF OF COOK COUNTY JAIL.<br>SALVADORE GODINEZ,<br>EXECUTIVE DIRECTOR OF COOK COUNTY JAIL.<br>M. FIGLIULO,<br>SUPERINTENDENT OF DIVISION TEN(10).<br>S. FLAXIGO, STAR #114<br>CHIEF OF SECURITY OF DIVISION TEN(10).<br>JOHN MUELLER<br>PROGRAMS SERVICES.<br>CERMAK MENTAL HEALTH SERVICES<br>OF COOK COUNTY. | )<br><br>)<br><br>)<br><br>)<br><br>)<br><br>) |
| Defendants, | ) |
| INDIVIDUALLY AND IN THEIR<br>OFFICIAL CAPACITIES. | ) |

COMPLAINT

**08CV4834**

**JUDGE CONLON**
**MAG.JUDGE VALDEZ**

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation under color of state law, of rights secured by the constitution of the united states. The Court has jurisdiction under U.S.C. section 1331 and 1343(A)(3). Plaintiffs seek declaractory relief pursuant to 28 U.S.C. 2201 and 2202. Plaintiffs claims for injunctive relief are authorized by 28 U.S.C. 2283 and 2284, and rule 65 of the federal rules of civil procedural.

2. The united states District Court for the Northern District is an appropriate venue under 28 U.S.C. section 1391(b)(2) because it is where the events giving rise to claim occurred.

## II. PLAINTIFFS

3.  **PLAINTIFFS, DERRICK HAYNES, THOMAS M. PERCONTI, CHARLES HILL, FRED ROGERS,**
    is and was at the times mentioned herein a detainee of the state of Illinois,
    in custody of the Department of Corrections(C.C.D.O.C.). Plaintiffs is cur-
    rently confined in the Cook County jail(C.C.D.O.C.), in Cook County, State
    of Illinois.

4.  **PLAINTIFFS,** in this civil action respectfully ask that this Honorable Court
    treat this civil action as a **(CLASS ACTION)** under rule of the federal rules
    of civil procedure 23.

## III. DEFENDANTS

5.  **DEFENDANT, THOMAS DART,** is the **(SHERIFF)** of Cook County jail of the state of
    Illinois. He legally responsible for the overall operation of the Department
    and each institution under its jurisdiction including **(COOK COUNTY JAIL).**

6.  **DEFENDANT, SALVADORE GODINEZ,** is the **(EXECUTIVE DIRECTOR)** of the Cook County
    jail of the state of Illinois. He is legally responsible for the operation of
    **(CCOK COUNTY JAIL).** Each and every Division and or Department under its juris-
    diction.

7.  **DEFENDANT, S. PLAXICO, STAR #114,** is the **(CHIEF OF SECURITY OF DIVISION TEN(10)**
    he is leagally responsible for the welfare and security of all pre-trial de-
    tainees housed in Division Ten(10).

8.  **DEFENDANT, M. FIGLIULO,** is the **(SUPERINTENDENT OF DIVISION TEN(10).** he is leg-
    ally responsible for security and the welfare of all pre-trial detainees housed
    in Division Ten(10).

9.  **DEFENDANT, JOHN MUELLER,** is a supervisor in programs services, it is his legal
    responsibility to process all detainees grievances and forward them to the next
    leval if it cannot be rectified at his level.

10. **DEFENDANT, CERMAK MENTAL HEALTH SERVICES,** it is their legal responsibility to
    provide a system of ready access to all meant health specialist and Doctors.
    also, to provide programs and treatment and follow up services for the mentally-
    ill detainees being housed at the Cook County jail. **(C.C.D.O.C.).**

11.  On May 20, 2008, forty-eight (48) mentally ill detainees who are
confined at the Cook County Department of Corrections, in Cook County,
Illinois, housed in division 8, Residential Treatment Unit (RTU),
which was designed and structured to tend to the statutory serious medical
mental needs of mentally ill detainees.  Our living environment was
a dorm style setting where all of "us" mentally ill detainees were under
direct and constant, 24 hours per day observation by sufficently trained
Cook County Department of Corrections Sheriff Police and mental health
specialists.

12.  The Residential Treatment Unit (RTU) division 8 was also equipped with
adequate theraputic programs to address and tend to the needs of mentally
ill detainees suffering from various mental illnesses.  The programs that
WERE available are: one-on-one counseling and daily community meetings
conducted by Mr. Derrick Dunnmore, Mental Health Services, Cognitive
Behavior Therapy and Anger Management Groups conducted by Doctor Gackomonie
employed by Cermak Mental Health Services, Alcoholics Anonymous meetings
conducted by Mr. Peter Ellew, Mental Health Services, Meditation Therapy
Groups Conducted by Ms. Colletti, a Mental Health Specialist employed by
Cermak Mental Health Services, Art Therapy Sessions conducted by Ms.
Wilson, Art Therapist empolyed by Cermak Mental Health Services.  All of
these treatments were community based in a structured environment.

13.  It is further stated that on May 20, 2008 while confined in the
Cook County Department of Corrections, in Cook County, Illinois in
Division 8, Residential Treatment Unit (RTU) at approximately 6:30 PM
these same forty-eight (48) detainees were informed by Doctor Jones,
Employed by Cermak Mental Health Services, Officer Bojas, Division 8
employed by the Cook County Department of Corrections assigned to the
3 to 11 shift, acting under the supervision of sergeant Salami and
lieutenant Anderson, both of whom are employed by Cook County Department
of Corrections and also assigned to the 3 to 11 shift without notice to
immediately gather all of our belongings and that we were being trans-
ferred to Division 10, maximum security for permanent housing.

14.    Upon arrival in Division 10, some detainees were shoved into cells and locked in and informed by officers only known as "John Does" that assisted that night on Tier 3C in Division 10, who were employed by Cook County Department of corrections and that night said we (detainees) are no longer considered "Psych-Classified detainees" and the "Psych program we were accustomed to no longer exists". The abrupt ending to necessary treatment proved to be emotionally and psychologically damaging. As a direct result their had been many fights and disturbances than in the Residential Treatment Unit (RTU). There is now excessive violence and increased anxiety issues among "us" mentally ill detainees which can be substantiated through Cook County Department of Corrections incident and disiplinary reports.

15.    Ever since "we" detainees were transferred from Division 8 (RTU) to Division 10, maximum security not only have the conditions gotten very harsh all of the programs geared towards preventing further deterior-ation of our mental health have been eliminated. There are absolutely NO theraputic programs available whatsoever.

16.    The defendants: Tom Dart, Sheriff, Cook County Jail, John Doe, Deputy Sheriff, Cook County Jail, Salvador Gordiney, Director, Cook County Jail has created a self-perpetuating situation in which detainees have their mental state deteriorated further due to lack of proper mental health care and guidance. The defendants acted with deliberate indifference by moving "us" detainees from Division 8 (RTU), a structured environment to Division 10, an unstructured and very harsh environment with absolutely NO theraputic programs available.

17.    The Defendants: Tom Dart, Sheriff of Cook County Jail, and Salvador Gordiney, executive Director of Cook County Jail has failed to properly administer mental health treatment in a consistent and continuous manner noting that there was no effective plan for transition from Division 8 (RTU) to Division 10. "Us" mentally ill detainees were moved with NO plan available whatsoever for continued mental health care. Because of this

failure on the defendants part the psychological state of detainees has
been deteriorating rapidly day-by-day.

18.   The defendants failed to staff the new psychological tiers in Division
10, a maximum security division with psych-trained officers.  This lack of
training has put every mentally ill pre-trial detainee housed there in danger
of serious physical and mental harm because these officers do not understand
the serious mental needs of the detainees being housed here.  This has resulted
in increased excessive force by these officers and severe mental distress
amongst the mentally ill pre-trail detainees and they promote violence amongst
the detainees letting them fight each other only to come and then beat them.
When if properly trained they would defuse the situation.  The defendants
not having psych-trained officers available 24 hours per day to properly
identify and supervise mentally ill pre-trial detainees being housed in
Division 10 on all 3 shifts 24 hours per day.  Which some mentally ill detainees
are suicidal.  This is an inadequate mental health program.

19.   The plantiffs in this civil action are experiencing increased stress
levels, sleep deprivation, agitation, headaches, depression, nausea and overall
increased tensions.  Due to lack of mental health programs and extremely
harsh living conditions.

20.   The defendants: Tom Dart, Sheriff Cook County Jail, Salvadore Gordinez,
Executive Director Cook County Jail,  M. Figliulo, Superintendent of Division 10
has placed "us" detainees into unsanitized, filthy, rodent and insect infested
cells.  The cell floors are extremely dusty and dirty.  The walls in each cell
are covered with black soot from years of previous detainees burning and
unknown material to heat water and cook food totally uncontested by jail authorities.
The toilets which are in very close proximity to our beds are unsanitized
and discolored due to lack of cleaning supplies and lack of times when cell
doors are open and "us" detainees are permitted to clean our respective cells.
The entire tier of Division 10/2D is infested with mice and roaches that are
allowed to roam freely.  The mice and roaches have on numerous occasions
climbed into Plantiffs property boxes damaging commissary items.  Mice and
roaches spread germs and diseases that could easily be contracted by "us"

5.

detainees. Cook County Department of Corrections has failed to control further infestation. It is further stated that "us" mentally ill detainees have been placed in an inadequate living environment that does not statutorily tend to the needs of mentally ill detainees.

21. Heavily medicated mentally ill detainees are forced out of their cells 12 hours a day, 7 days a week and left with no other alternative but to sleep on cold concrete floors, steel benches and steel tables. The overall conditions "us" detainees have been placed in are extremely harsh and very unsafe, placing all of "us" detainees at serious Risk of Harm.

22. Defendant J. Mueller, Clinical Services Supervisor has taken Plantiffs grievances and CONVERTED them into requests in order to avoid issuance of a control number preventing Plantiffs grievances from being properly processed according to the Cook County Department of Corrections grievance procedures.

23. The Defendants, Tom Dart, Sheriff Cook County Jail, Salvadore Godeniz, Executive Director, Cook County Jail, M. Figuarlo, Superintendent, Division 10, Cook County Jail, Plaxico, Chief, Division 10, Cook County Jail, on July 25 2008, have further split the psych-population between two divisions (division 2 and division 10) based on detainees security classifications (Minimum, Medium, Maximum) disreguarding mentally ill detainees serious mental health needs. For the seventeen (17) plus years prior to July 25, 2008, security classifications never mattered, mentally-ill detainees co-existed amongst each other and were treated equally based on their needs for psychological treatment exclusively. Currently, the defendants are making medical decisions based on non-medical factors.

24. Upon information and belief on 6/4/2008, officer Cashen, 7 to 3 shift, Division 10, stated "he as been an employee here for 10 years and there has consistently been a problem with sanitation, clean linen and regular clothing exchange on schedule in Division 10". He also state "the linen they do have is in terrible shape the contracted laundry company never sends the correct amount of uniforms back nor is there ever enough disinfectant available to properly sanitize the living tiers." He also stated, "rodents and insects are a common part of everyday life here in Cook County Jail."

6.

25.  Upon information and belief on 7/1/2008 Superintendent Figuarlo stated that he "did not care about all the detainees sleeping on the floor this is fine with me as long as they are not dead".

26.  Upon information and belief on 6/4/2008 Chief Plaxico came to the tier 2D and asked that we "stop filing grievances this is jail and it is what it is!".

## EXHAUSTION OF LEGAL REMEDIES

27.  Plantiffs: Derrick Haynes; Thomas Perconti; Fred Rogers; Charles Hill used the detainee grievance procedure available at the Cook County Department of Corrections to try and solve multiple problems.  The large majority of the Plaintiffs grievances were processed as requests therefore taking away Plaintiffs rights and/or any opportunity to appeal the decisions.  The grievances that were given control numbers were appealed and denied by the administration.  All grievances filed by Plaintiffs and responses given by the administration have been included as Exhibits in the back of this complaint.  Plaintiffs in this civil action have exhausted all of our remedies available at the Cook County Department of Corrections to no avail.

## CAUSE OF ACTION

28.  The plaintiffs reallege and incorporate by reference paragraphs 11-26

29.  The defendants: Thomas Dart and Salvadore Godinez exercised deliberate indifference in that they made many medical decisions based on non-medical factors when they moved plaintiffs and other mentally ill pretrial detainees from the Residential Treatment Unit (RTU), Division 8.(where plaintiffs were receiving treatment for various mental illnesses and were involved in many theraputic groups as well as living in a dorm style setting with properly psych-trained officers and other appropriately trained staff available 24 hours a day, 7 days a week) to maximum security Division 10 which lacks said services.  The RTU environment was very conduciveandgeared towards rehabilitation and safe housing of mentally ill

pretrial detainees. Plaintiffs are now housed in Division 10, maximum
security behind cell doors with no theraputic programs and very unsanitary
conditions as well as no psych-trained officers available on all 3 shifts
24 hours a day to address the needs of mentally ill detainees. The
defendants have made numerous medical decisions concerning mentally ill
pretrial detainees housing and treatment despite having prior knowledge
from medical professionals that Division 10 was unsafe and not theraputic
for mentally ill detainees. Plaintiffs have experienced increased
anxieties, increased depression, suppressed appetites, headaches, nausea,
sleep deprivation and increased violence amongst each other all because
of defendents' deliberate indifference to the plantiffs' rights under the
14th amendment of the U.S. Constitution as well as Article 1, Section 2
of the State of Illinois Constitution. **Citing Langley V. Coughlin, 709**
**F. Supp. 482, 483 - 85 (S.D. N.Y. 1989 and Harrington V. Devito,**
**74 - C - 3290 (W.D. ILL. C.C.T. 19. 1978).**

30. The defendants Tom Dart and Salvadore Godinez exercised deliberate
indifference in further segregating pretrial detainees deagnosed as acute
psych patients according to their security classifications (Maximum
Medium, Minimum) moving minimum and medium security classified mentally
ill pretrial detainees to Division 2, a dorm style setting, but continuing
to house plaintiffs and other acute psych pretrial detainees classified
as maximum security in Divions 10, behind cell doors placing maximum
security mentally ill pretrial detainees at serious risk of harm. For
17 years prior to segregating mentally ill pretrial detainees plaintiffs
security classifications never mattered as the plaintiffs' serious
medical needs came first and foremost. Regardless of security classifications
plaintiffs and all other mentally ill pretrial detainees all coexisted
together which is an essential component of an adequate psych care unit. This
indicates that there is a prevailing custom, if not policy, or practice,
of ignoring the serious psychological needs and constitutional rights
of plaintiffs and others, which is contrary to the rights afforded the
plaintiffs under the 14th Amendment of the U.S. Constitution and Article
1 Section 2 of the State of Illinois Constitution.

31. The defendants, M. Figiulo and C. Plaxico exercised deliberate

indifference in that they failed to staff tiers housing mentally ill
detainees with psych trained officers who are qualified to address the
needs and psychological issues of the mentally ill.  Not having psych
trained officers available 24 hours a day, on all 3 shifts, 7 days a
week does not constitute a proper system that can identify, treat and
supervise mentally ill detainees whom may be suicidal which is part
of an adequate mental health program.  Currently, all mentally ill
pretrial detainees are at serious RISK OF HARM which violates the
rights afforded the plaintiffs under the 14th Amendment of the U.S.
Constitution and Article 1 Section 2 of the State of Illinois
Constitution.

32.   The defendants, M. Figiulo and C. Plaxico exercised deliberate
indifference in that they are currently housing mentally ill pretrial
detainees in an inadequate mental health facility forcing heavily
medicated mentally ill pretrial detainees to sleep on cold concrete
floors, steel tables and steel benches by locking plaintiffs and others
OUT of their assigned cells 12 hours a day.  This has attributed to
the steady deterioration of the mental health of ALL mentally ill
pretrial detainees..  This violates the plaintiffs' rights under
the 14th Amendment of the U.S. Constitution and Article 1 Section 2
of the State of Illinois Constitution.

33.   The defendants, M. Figiulo and C. Plaxico exercised deliberate
indifference in that they are currently housing plaintiffs and others
in filthy, unsanitized and rodent and insect infested cells and living
units. Rats, mice and roaches are allowed to roam freely throughout
the tiers.  Rat and  mice droppings are common on the floors where
mentally ill pretrial detainees are forced to sleep after being med-
icated.  Mentally ill pretrial detainees are not allowed to possess
sanitation supplies and there is not a system available for detainees
to sanitize their respective cells.  The cell walls are covered with
black soot and the floors are extremely dusty and dirty.  The defendants
have a legal responsibility to house pretrial detainees in an adequately
sanitized environment free of rats, mice and roaches.  Having failed
to do so constitutes a violation under the 14th Amendment of the U.S.

9.

Constitution and Article 1 Section 2 of the State of Illinois Constution.
**Citing: Sharpe V. City of Lewisburt, Tenn. 677 F. Supp. 1362, 1367 - 68
(M.D. tenn. 1988).**

34.   The defendant, John Mueller, a supervisor in the Program Services
Department.  It being his legal responsibility to process detainee
grievances and forward them to the next level if the Grievance cannot
be rectified at his level.  His actions in that he took and treated
several of plaintiffs' grievances pertaining to psychiatric care and
treatment programs as a request therefore denying the plaintiffs' rights
to appeal a decision or a response that did not solve their issues.
The intentional mismanagement of detainees grievances constitutes a
deliberate indifference to the plaintiffs rights under the 14th Amendment
of the U.S. Constitution as well as Article 1 Section 2 of the State
of Illinois Constitution a violation of plaintiffs due process and
equal protection of the law.

35.   The defendants, Cermak Mental Health Services exercised deliberate
indifference in failing in their legal responsibilities to provide
mentally ill pretrial detainees with adequate mental health care and
adequate suicide prevention that complies with Constitutional standards.
Currently, allowing their patients and plaintiffs to be housed in an
inadequate mental health environment locked behind cell doors with no
cameras or intercom systems therefore placing mentally ill pretrial
detainees at a very serious risk of harm.  A large majority of mentally
ill pretrial detainees currently housed in Division 10 and under the
care of Cermak Mental Health Services have an extensive history of
prior suicide attempts.  The current suicide policy implemented by
Cermak Mental Health Services fails to ensure appropriate management of
suicidal detainees and also lacks major components of an adequate
suicide prevention program.  there were two suicides committed at the
Cook County Jail within 30 days of each other between 14 March 2008
and 14 april 2008.  Mentally ill pretrial detainees routinely do not
receive medications as prescribed or have lapses in medication adminis-
tration.  Cermak Mental Health Services does not administer routine
lab work, weights, measurements or screenings to check medication levels
in the blood of mentally ill pretrial detainees which constitutes

an inadequate mental health care program.  Cermak Mental Health Services
has also recently experienced major cuts in staffing resulting in an
inadequate number of psych trained staff available to provide mental
health care and theraputic programs to plaintiffs and other mentally
ill detainees thus failing in their legal responsibilities to provide
mentally ill pretrial detainees with adequate mental health car required
by law.  This pattern clearly establishes a callous, wanton and deliberate
indifference and also violates the plaintiffs' rights under the 14th
Amendment of the U.S. Constitution as well as Article 1, Section 2
of the State of Illinois Constitution.

36.  The plaintiff has no plain, adequate or complete remedy at law
to redress the wrongs described herein.  Plaintiffs have been and will
continue to be irreparably injured by the conduct of the defendants
unless this court grants the declaratory and injunctive relief which
plaintiff seeks.

11.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully prays that this Honorable Court
helps to right the wrongs of the defendants, that the plaintiffs
have become a victim of. The plaintiffs prays that this court enter
a judgement granting the following:

A declaration that the acts and omissions described herein
violated the plaintiffs rights under the Constitution and laws of
the United States.

A preliminary and permanent injunction ordering the defendants,
Thomas Dart,(Sheriff of Cook County Department of Corrections), Salva-
dore Godinez, (Executive Director of C.C.DOC). To stop making medical
decisions based on none medical factors. Such as criminal classification
of the plaintiffs and other mentally-ill pre trial detainees being housed
at the Cook County Jail. And further more place the plaintiffs and all
other mentally-ill pre trial detainees back into a dorm style housing
unit that allows for the programing and group interaction with the mental
health specialist and others that are hired to assist in their treatment
as was the case while they were being housed in division eight R.T.U
(Residential Treatment Unit). As opposed to division ten where they are
presently housed which is a maximum security tier setting that puts the
plaintiffs and other mentally-ill pretrial detainees in cells behind locked
doors with no appropriate way to supervise,treat or identify if they are
suicidal or not. This type of environment may encourage some mentally-ill
pretrial detainees as well as the plaintiffs to commit suicide or bring
upon them suicidal thoughts. which places them at risk of harming themselves
or others. And by not having sheriffs deputies that are trained in dealing
with or how to supervise and or identify if they are having a psychotropic
crisis that would warrant a psychological evaluation to prevent a possible
suicide attempt or harm to others. Places the lives of the plaintiffs at
risk on all three shifts twenty four hours a day. That was pointed out by
the Department of Justice seventeen month investigation of the jail during
which time their were two suicides committed from March of 2008 to April
of 2008.of mentally-ill pretrial detainees that were placed in a maximum
security division behind locked cell doors and without adequate supervision
as is the case here in division ten poor supervision among other things.
The plaintiffs ask for injunctive relief to stop the division ten staff
from forcing the heavily medicated mentally-ill from being forced to sleep
on the concrete floors where the rats,mice and roachs run freely on a daily
basis in the dayrooms of various tiers throughout the division. The plaintiffs
have suffered irrepairable psychological damage at the hands of the defendants
and it will continue unless this injunction is granted.

12.

Hold Thomas Dart, Salvadore Godinez, M. Fgiiulo, C. Plaxico J.Meuller and Cermak Mental Health Services jointly and severably liable for damages to plaintiffs as a result of their constitutional deprivations, inhumane incarceration and endured hardships according to the following:

a). Compensatory damages in the amount of $400,000.00 against each defendant, jointly and severally.

b). Punitive damages in the amount of $200,000.00 against each defendant.

c). A trial by jury on all tryable issues.

d). Plaintiffs cost in this law suit.

e). Reasonable attorney's fees if applicable.

f). Any additional relief that this court deems necessary.

**DATED:** 5 AUG. 2008

RESPECTFULLY SUBMITTED,

| DERRICK HAYNES | THOMAS M. PERCONTI | CHARLES B. HILL JR. | FRED ROGERS |
|---|---|---|---|
| #20070077847 | 20070035070 | 20050084808 | 20070020387 |
| P.O. Box089002 | P.O. Box089002 | P.O. Box089002 | P.O. Box089002 |
| CHGO, IL., 60608 | CHGO, Il., 60608 | CHGO, Il., 60608 | CHGO, Il., 60608 |

13.

### VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief and, as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Cook County Department of Corrections in the city of Chicago, and the state of Illinois on 5 August 2008.


DERRICK HAYNES    THOMAS M. PERCONTI    CHARLES B. HIL JR.    FRED ROGERS

Previous Lawsuits By Plaintiffs

Plaintiff, Derrick Haynes #20070077847 has filed no other lawsuits
dealing with the same facts involved in this action or otherwise relating
to my current imprisonment. Plaintiff did file a lawsuit against the
Chicago Police Department in 1993 and the case settled in 1994.

Plaintiff Thomas M Perconti #20070035070 has filed no other lawsuits
dealing with the same facts involved in this action or otherwise relating
to my current imprisonment. Plaintiff never did file any lawsuits
against anyone.

Plantiff, Fred Rogers #20070020387 has filed no other lawsuits dealing
with the same facts involved with this action or otherwise relating to
my current imprisonment. Plaintiff did file a lawsuit in 2000 against
Exel Logistics a division of Hershey Chocolate and settled the case in 2001.

Plantiff, Charles Hill #20050084808 has filed no other lawsuits dealing
with the same facts involved with this action or otherwise relating
to my current imprisonment. Plaintiff did file a lawsuit in 2008
against Cook County Department of Correction / Dentist. The civil
claim is currently pending. Case number is **08c 1917** and the case is
being heard by Judge Shadur.

*Exhibit*

Part-A / Control #: _____

Referred To: _Supt. Div. 10_

[X] Processed as a request.

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: _Perconti_     First Name: _Thomas_

ID #: _2007-0035070_   Div.: _10_   Living Unit: _20_   Date: _5/1/08_

BRIEF SUMMARY OF THE COMPLAINT: _Detainee Thomas Perconti, now brings this Grievance based on my legal rights under the Eighth Amendment of the United States Constitution and further states that my rights based under the Eighth Amendment of the United States Constitution are being violated as follows:_

*\* Summary \**

_On May 20, 2008, while confined in the Residental Treatment Unit (RTU), located in division 8, here at Cook County Department of Corrections, which was designed and structured as an open dorm setting for mentally-ill_

**\*\* PLEASE SEE ADDITIONAL PAGES**

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

**THAT ARE INCLUDED. \*\***

ACTION THAT YOU ARE REQUESTING:

_To design and implement a program (SEE PAGE 6)_

DETAINEE SIGNATURE: _Thomas M Perconti_
_#2007 0035070_

C.R.W.'S SIGNATURE: _____    DATE C.R.W. RECEIVED: _6/10/08_

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

Lot 7

detainees who suffer from various mental illnesses; the Residental Treatment Unit (RTU), that housed "us" mentally-ill detainees was equipped with adequate therapeutic programming that consisted of the following: daily group therapy sessions, therapetic sessions, one on one counselling, anger managment, alcoholic anonymous, and art therapy groups in a community based structured enviroment. RTU, Division 8, was suffiently staffed with psych-trained personnel and Cook County Department of Corrections Officers that could properly identify mental-illnesses and other various psychosis with 24 hour observation which served the needs of the mentally-ill detainees as mandated by law.

It is further stated that ~~the~~ also on May 20, 2008; while being confined in division 8, RTU, Residential Treatment Unit, approximately 6:30pm; officer Bojas (Division 8-3 to 11 shift) along with Dr. Jones (Cermak Health Care) under the sypervision of Lt. Anderson (Division 8-3 to 11) and Sgt. Salami (Division 8-3 to 11 shift) advised "us" (RTU-inmates) to immediately gather all our belongings and informed us

that we are being transferred to maximum
security, division 10, for permanent
housing. Upon arrival in Division 10, some
detainees were shoved into their cells
and immediately locked in. Then we were
informed that "This is a maximum security
division and we are no longer considered
RTU detainees and that ~~and that~~ the
psych-programs no longer exists."

## ** *FACTS* **

Being that we are now housed in maximum
security facility, division 10, we are currently
locked out of our cells from 7:30am to
2:00pm and not allowed to return to
our cells. However, "us" mentally-ill
detainees after being medicated with our
prescribed psych medication become
extremely drowsy and incoherent and are
left with no other alternative, but to
sleep on cold concrete floors, steel benches
and steel tables. These detainees that
are falling asleep all over the floors
are being stepped on, tripped over by
other detainees that are pacing the floors
due to medication side-effects. Also,
these detainees are laying in and around
mice droppings from rodents that are

allowed to roam freely around the tier.
Currently, there are no programs in place
to aid or prevent further deterioration
of our mental state. In fact, this
maximum security setting is the total
opposite from a structured setting mandated
by law for mentally-ill detainees. There
is not properly trained psych staff
available 24 hours a day as mandated
by law. There should be a proper system
that can identify, treat and supervise
detainees who are suicidal which is part
of an adequate mental health program.
Now, there is a clear duty to protect
detainees from self-destruction or self-injury
24 hours a day as mandated by law.
Our needs as mental health detainees
are not being met wholesomely. We
are locked <u>out</u> of our cells from 7:30 am
to 2:00 pm on <u>1st shift</u> and then divided
low side (cells 1-12) and high side (cells 13-24)
during <u>2nd shift</u>, which leaves one side
of the tier unattended and unobserved
by <u>NO</u> psych-trained officers. Failure
to have psych-trained staff on duty
24 hours a day with <u>constant</u> ~~direct~~
<u>observation</u> would result in placing "us"
detainees at risk of harm behind a

locked cell door. Failure to take simple measures would seem to justify a finding that Cook County Jail was deliberately indifferent to the detainees serious medical needs.

Pre-trial mentally-ill detainees do not surrender their rights to equal protection of the law at the jail gate. Therefore, detainees that suffer from various mental-illnesses must be housed in a setting with adequate programs in place that would guide and aide mentally-ill detainees. The current policies and practices that are in place NOW does not comport with the initial mental health department procedural practices.

## Continued Relief Requested
## From Page 1

① To design and implement a program immediately to address the needs of us mentally-ill detainees as mandated by law.

② To put in place 24 hour observation of us mentally-ill detainees as mandated by law.

③ To assign and designated trained psych officers to address the needs of "us" mentally-ill detainees as mandated by law.

④ To allow medicated mentally-ill detainees access to our assigned cells, as needed, to prevent and discourage mentally-ill detainees from sleeping on cold concrete floors, steel benches and steel tables.

Continued page 1

## * Names of Staff With INFORMATION *

① Doctor Bras (Cermak Health Services)
② Doctor Jones (Cermak Health Services)
③ Doctor Dan Morjal (Cermak Health Services)
④ Derrick Dunnmore (Mental Health Specialist - Cermak Health Services)
⑤ Ms. Jackson (Mental Health Specialist - Cermak Health Services)
⑥ Ms. Taylor (Mental Health Specialist - Cermak Health Services)
⑦ Mr. Jackson (Mental Health Specialist - Cermak Health Services)
⑧ Officer Bojas (Divison 8 - 3-11 shift)
⑨ Sergant Salemi (Divison 8 - 3-11 shift)
⑩ Lt. Anderson (Divison 8 - 3-11 shift)

PART – C

## C.C.D.O.C. DETAINEE GRIEVANCE FORM PROCESSED AS A REQUEST

**Please Note :**

- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

Detainee's Last Name: _Porcati_  First Name: _Thomas_

ID#: _2007-0035070_  Div: _10_  Tier/LivingUnit: _D2_

Date of Request: _06/02/08_  Date C.R.W. Received Request: _06/02/08_

This request has been processed by: _Mr. Morales_  C.R.W.

**Summary of Request:**

Detainee is requesting that all CCDOC staff be trained on psych issues / treatment.

**Response and/or Action Taken:**

Be advised that Div.T is now a Medical _____, & as such, P/Chief will provide whatever accomodation are approved by Medical (Cermak) And the DOC Policies

Chief C. Blanco #AY   _(signature)_   Date: _06/04/08_   Div./Dept. _10_
(Print name of individual responding)   (Signature of individual responding)

1 of 1

*Exhibit B*

Part-A / Control #: *Request*

Referred To: *Supt Div 10*

## COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: **Perconti**     First Name: **Thomas**

ID #: **2007 -0035070**  Div.: **10**  Living Unit: **20**  Date: **6 / 2 / 08**

BRIEF SUMMARY OF THE COMPLAINT: Detainee Thomas M. Perconti, brings this Grievance based on my Eighth and Fourteenth Amendment Rights that are being violated as follows: While being confined here at Cook County Jail, division 10, tier 20, we are being left no other alternative, but to shower, urinate and defecate in front of female staff, from Cermak Health Care, between the hours of 8am to 2pm. This current practice is a invasion of our privacy, invasion of our rights and very disrespectful to the daily female staff that is attempting to talk to, monitor and lead groups that are an essential part of an adequate mental health program as mandated by law. The female staff

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
**PLEASE SEE ADDITIONAL PAGES (Continued)**

ACTION THAT YOU ARE REQUESTING:
**For Action Requested please see Page #2**

### DETAINEE SIGNATURE: *Thomas M. Perconti*

C.R.W.'S SIGNATURE: _____     DATE C.R.W. RECEIVED: **06 / 02 / 08**

Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

being affected are as follows: Ms. Jackson, Ms. Taylor, Doctor Jones and Doctor Bras. "Us", mentally-ill detainees have been placed in a inadequate mental health setting. Therefore, there has to be a immediate solution that does not infringe on our right to privacy and interfere with our theraputic mental health programs which are currently being hindered because of the aforementioned.

## * Relief Requested *

To allow our cell doors unlocked during the hours of 8am to 2pm, to accomodate the female staff on our tier. Not doing so would infringe on our theraputic programs and meetings, as mandated by law.

## * Witnesses To be Called *

① Ms. Jackson - Mental Health Specialist
② Ms. Taylor - Mental Health Specialist
③ Doctor Jones - Cermak Mental Health Services
④ Doctor Bras - Cermak Mental Health Services

                    X _Thomas M. Perconti_

## C.C.D.O.C. DETAINEE GRIEVANCE FORM  PROCESSED AS A REQUEST

*Please Note :*

- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

Detainee's Last Name: _Percault_    First Name: _Thomas_

ID#: _2007-0035070_   Div: _10_   Tier/LivingUnit: _D2_

Date of Request: _06/02/08_    Date C.R.W. Received Request: _06/02/08_

This request has been processed by: _Mr. Morales_    C.R.W.

**Summary of Request:**

_Detainee request assistance with living unit-conditions_

**Response and/or Action Taken:**

_R/Chief will ensure that divisional linen changes and uniform changes occur as scheduled. Also R/Chief has made numerous security checks on 2nd tier and has never observed the living conditions that you describe._

_Chief C. Plaxico #/V_   _C Ray'd Co_   Date _06/04/08_ Div./Dept. _10_
(Print- name of individual responding)    (Signature of individual responding)

*Exhibit C*

## COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: **Perconti**          First Name: **Thomas**

ID #: **2007** - **0035070** Div.: **10** Living Unit: **2D** Date: **6 / 2 / 08**

BRIEF SUMMARY OF THE COMPLAINT: *Detainee Thomas Perconti, now brings this Grievance based on my legal rights under the Eighth Amendment of the United States Constitution and further state that my rights based under the Eighth Amendment of the United States Constitution are being violated as follows: On May 20 2008 43 mentally-ill detainees were moved from division 8, Residental Treatment Unit (RTU) to division 10, maximum security into filthy, unsanitized, unfit living conditions. All of the cells have desks that are burnt from detainees cooking in the same cells we are now assigned to. In order to cook detainees burnt an unknown material to heat the bottoms of the desks and that material has been left black soot all over the walls, that we are now breathing.*

**✱ SEE ADDITIONAL PAGES ✱**

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
**ACTION + WITNESSES**

ACTION THAT YOU ARE REQUESTING:
**(CONTINUED)**

**DETAINEE SIGNATURE:** *Thomas Perconti*

C.R.W.'S SIGNATURE: _____          DATE C.R.W. RECEIVED: 11 / 10 / 15

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

The cell floors are dirty, dusty and toliets unsanitized due to lack of cleaning supplies available to detainees. Which is a clear violation of Cook County Department of Correction Rules and Regulations effective 2006 dealing with health, safety and sanitation.

May 13, 2008, was the last time detainees on tier 2D had or sheets, pillow cases and towels exchanged for clean. Our sheets smell and some detainees towels are deloping mildew due to flith. The Cook County Department of Corrections effective June 2006 states: Clean linen will be issued on a weekly basis. Today is the nineteenth day and counting and will still have the same dirty linen. Which is a clear violation of our rights as detainees.

The entire tier of division 10, 2D is infested with mice and roaches that are allowed to roam freely around the ties. The mice are able to jump and climb into our propity boxes and damage and contaminate our commissary items. Mice spread germs and diseases that could easily be contracted by "us" detainees. It is further stated, "us" mentally-ill detainees have been placed in an inadequate living enviroment that does not statutorialy tend to the needs of the mentally-ill.

(continued)

# * Relief Requested *

1) "Us" detainees be allowed to clean and sanitize our cells and have cleaning supplies made available to us on a regular basis. The walls of the cells be either painted or power washed.

2) "Us" detainees want our rights to clean linen on a weekly basis to be exercised and executed as described by Cook County Department of Corrections Rules and Regulations effective June 2006.

3) Some kind of extermination plan be implemented to aid and prevent further infestation and most importantly protect the health and safety of detainees as mandated by law.

## * Witnesses to be Called *

1) Doctor Dan Morjal - Cermak Health Service
2) Ms. Jackson - Cermak Mental Health Specialist
3) Mr. Derrick Dunnmore - Cermak Mental Health Specialist
4) Ms. Taylor - Cermak Mental Health Specialist
5) Mr. Jackson - Cermak Mental Health Specialist
6) Doctor Jones - Cermak Health Services
   Included but not limited to:
   All Division 10, 2D, Detainees

PART – C

## C.C.D.O.C. DETAINEE GRIEVANCE FORM  PROCESSED AS A REQUEST

**Please Note :**
- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

**Detainee's Last Name:** _Percell_    **First Name:** _Thomas_

**ID#:** _X07-1035070_  **Div:** _10_  **Tier/LivingUnit:** _D-1_

**Date of Request:** _11/02/08_    **Date C.R.W. Received Request:** _3/02/08_

**This request has been processed by:** _Mr. Morales_    **C.R.W.**

**Summary of Request:**

_Detainee requesting more privacy._

**Response and/or Action Taken:**

Be Advised that notice is given on the Tier.
Anytime female staff enter the Tier. Detainees
are responsible for clothing themselves
During times of incident or emergency
notice may not be given. Staff will be instructed
to Announce entry of females in the event
it did not occur during your instance
cell doors shall not be open

_Chief C. Plakir #M._  _Chief C. Plakir_    Date: _06/04/08_  Div./Dept. _10_
**(Print- name of individual responding)**    **(Signature of individual responding)**

( WHITE COPY – PROG. SERV. CENTRAL OFFICE )    ( YELLOW COPY – C.R.W. WEEKLY PACK )    ( PINK COPY – DETAINEE )

Part-A / Control #: 2008X 1080

Referred To: Cermak

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: Perconti _____ First Name: Thomas M.

ID #: 2012 - 0035070 Div.: 10 Living Unit: 2D Date: 6/9/08

BRIEF SUMMARY OF THE COMPLAINT: We are resubmitting an already addressed grievance complaint on 6/1/08, responded to on 6/7/08 by Chief Places. We are not satisfied with the response and/or action taken. We are asking for a control number and filing this GRIEVANCE, based upon the deprivation of our mental health needs as to timely treatment. Failure to make treatment available; such systemic deficiencies includes a failure to properly administer mental health treatment in a consistent and continuous manner. On May 20, 2008, 48 mentally-ill detainees were moved from Division 8 (RTU) to Division 10, maximum security, placing "us" in an inadequate facility and placing "us" at Risk of Serious Harm by inadequate Cook County Department of Corrections

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: (SEE: ATTACHED PAGES CONT.)

① Ms. Jackson: Mental Health Specialist

ACTION THAT YOU ARE REQUESTING: ② Director Dave Menjal - Cermak Health Services ③ Derrick Dunmore: Mental Health Spec.

DETAINEE SIGNATURE: Thomas M Perconti

C.R.W.'S SIGNATURE: _____ DATE C.R.W. RECEIVED: 6/11/2/08

Please note: Decisions of the "Detainee Discipline Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be submitted in writing and directly submitted to the Superintendent.

(WHITE COPY – PROG. SERV.)    (YELLOW COPY – C.R.W.)    (PINK COPY – DETAINEE)    (GOLDENROD COPY – DIVISION/SUPT. OFFICE)



(continued from page 1)

Administration has created a self-perpetuating situation in which detainees with mental health issues have deteriorated further due to lack of statutory obligations to establish appropiate treatment programs for mentally-ill detainees. Therefore, Cook County Department Corrections is in violation of our Eighth and Fourteenth Amendment Rights of the United States Constitution.

## * Relief Requested *

① To design and implement therapeutic programs immediately as mandated by law.

## * Witnesses to be Called * (continued from pg #1)

Denver Haynes #20070077847 / Alex Sullivan #20070034149
Christopher M. Blanchet 2008 003 4163
Courtney Austin # 20070004787 / Peter D. Gidesteanu #2005-2028666
Fred Rogers #200700 20387  Tyrone Holloman 200700 34109
Michael Roberts  #2006007980
Lance A. Wyatt #2007006 0012 Michael Randolph 20080019841
Michael Brown #20080019849
Kevin D. Rucker #2008-001-0702
John F. Fabion 20080011643

Part – B / Control #: _____ X 1680

# C.C.D.O.C. DETAINEE GRIEVANCE / REFERRAL & RESPONSE

*EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFTEY OF A DETAINEE*

Detainee's Last Name: _Perco_____ First Name: _Thomas___ ID#: ___-065 5670

Is This Grievance An **Emergency**?   YES ☐   NO ☒

C.R.W.'S Summary Of The Complaint: _____ you / Therpeutic _____

C.R.W. Referred Griev. To: _C, K_____ Date Referred: _6/13/08_

Response Statement:

_Referred to Medical Services_

_Smith_____ ( _Smith_____ )   Date: _6/16/08_ Div./Dept. _CHS_
(print name of individual responding to this griev.)   (signature of individual responding to this griev.)

_Earl / Tucker_ – _____ Date _6/13/08_ Div./Dept. _____
(print name of Supt. / Designee / Dept. Admin.)   (signature of Supt. / Designee / Dept. Admin.)

_Mueller_____ – _Muel_____ Date: _6/17/08_
(print name of Prog. Serv. Admin./ Asst. Admin.)   (signature of Prog. Serv. Admin./ Asst. Admin.)

Date Detainee Received Response: _6/18/08_ Detainee Signature _Thomas Percent_

## REQUEST FOR AN APPEAL

*APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE*

Date Detainee Request For An Appeal: _06/18/08_

Detainee's Basis For An Appeal: Not happy with action taken.
We still have no programs as of
today 6/18/08 the administration is not allowing
them.

Appeal Board's Acceptance Of Detainee's Request:   YES ☐   NO ☒

Appeal Board's Reasoning / Decision / Recommendation To The Superintendent Or Administrator:
according to Cermak Div. 10 is still being set up, proper housing is priority,
Programs will start as soon as possible

Appeal Board's Signatures / Dates:

_____

Date Detainee Rec'd the Appl. Bd.'s Response: _08/05/08_ Detainee Signature: _Thomas M Percenti_

GRIEVANCE CODE(S): (_____) (_____) (_____) (_____)

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

1 of 7

Case 1-08-cv-04884   Document 10   Filed 09/02/2008   Page 34 of 73

Part-A / Control #: _____
Referred To: Supt. Div. 10

# COOK COUNTY DEPARTMENT OF CORRECTIONS
# DETAINEE GRIEVANCE

Detainee Last Name: **Rogers**          First Name: **Fred**

ID #: **2007-0020387**  Div.: **10**  Living Unit: **2 D**  Date: **5/31/08**

BRIEF SUMMARY OF THE COMPLAINT: Now brings this Grievance based on my legal Rights under the Eight ~~Amendment~~ of the United States Constitution and further state that my rights based under the Eight Amendment of the United States Constitution are being ~~violated as followed.~~

On May 20, 2008, while confined in the Residential Treatment Unit (RTU) located in Division 8, Here at Cook County Dept of Correction, which was designed and structured as an open dorm-setting for mentally ill detainees who suffers from various mental illnesses; The Residential Treatment unit (RTU) that housed us see additional pages

NAME OF STAFF OR DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING: *SEE, ADDITIONAL PAGES (Cont.)*

DETAINEE SIGNATURE: *Fred Rogers*

C.R.W.'S SIGNATURE: _____  DATE C.R.W. RECEIVED: 06/03/08

---

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

mentally-ill detainees was equipped with adequate therapeutic programming that consisted of the following: daily group therapy sessions, therapeutic sessions, one on one counselling, anger management, alcoholic Anonymous meetings & Art therapy groups, in a community based structure enviroment. R.T.U. Division 8 was sufficiently staffed with psyche-trained personnel and with Cook County Dept of Correction, officers that properly identify mental-illness and other various psychosis, with 24 hr observation, which served the needs of the mentally ill detainees as mandated by law.

It is further stated that also on May 20, 2008; while being confined in Division 8, RTU Residential Treatment Unit) At approximately 6:30 p.m.; officer Borjas along with Dr. Jones under the supervision of Sgt Salami advised "us"(RTU detainees) to immediately gather all our belongings and informed us that we are being transferred to Maximum Security Division, which is division 10 for permanent housing, Upon arrival at maximum Security Division 10 some detainees were shoved into thier cells and immediately

**DETAINEE
COPY**

Revised 9/2007

locked in. Then we were informed that this is a maximum security division, and we are no longer considered R.T.U detainees and that the psyche programs no longer exist.

## * Facts *

Being that we are now housed in Maximum Security Facility, Division 10; we are currently locked out of our cells from 7:30am to 2:00p.m and not allowed to return to our cells. However, us mentally-ill R.T.U detainees after being medicated with prescribed psychotropic medication, become extremely drowsy and incoherent and are left with no other alternative but to sleep on cold floors, steel benches or steel tables in which those detainees that are left with no other alternative but to sleep on cold concrete floors are being tripped over, stepped on by other mentally-ill detainees that suffer from side affects that causes us to pace the floors, where rodents (mice) roam to and from constantly within this mice infested building. Now, there are no programs in place to aide or prevent further deterioration of our mental state. In fact, this Maximum Security Setting is the total opposite from a structured setting mandated by law

for mentally-ill detainees. There is not any proper psyche staff available 24 hours a day as mandated by law. Where there should be a proper system that can identify treat, and supervise detainees who are suicidal, which is part of an adequate mental Health program. Now, there is a clear duty to protect detainee from self-destruction or self injury 24 hours a day. Our need are not being met wholesomely, being that we are left out from 7:30 A.m. to 2:00 pm on First shift, and then divided low side (1-12) and High side (13-24) during second shift; which leaves one side in thier cells unattended and unobserved by non-psyche trained officers. Failure to have psyche-trained staff on duty 24 hours a day with constant direct observation would result in placing us inmates at risk of harm behind a locked cell door. Failure to take simple measures would seem to Justify a finding that the jail was deliberately indifferent to the detainees serious medical needs. Now, the mentall Health care System does not exist for us mentally-ill detainees failure to train officers and failure to

take basic steps to prevent suicide including monitoring detainees 24 hours a day on all three shifts.

Pretrial mentally-ill detainees do not surrender thier rights to equal protection of the law, at the jail gate. Therefore, detainees that suffers from various mental-illnesses and psychosis must be housed in a setting with adequate programs in place that would guide and aide mentally-ill detainees.

Now, the current policies and practices that are in place now does not compoot with the initial mental health department procedural practice.

6 of 7

# Witnesses to be Called

1. Mr. Jackson - Chs
2. Mrs. Caylor - ChS
3. Doctor Dan Moyal - Cermak H.S.
4. Doctor Jones - Cermak Health Service
5. Derrick Dunnmore - Cermak Health Service
6. Mrs Jackson - Cermak Health Service
7. Doctor Ms. Brar - Cermak Health Service

CCDoc Officers - Witnesses

8. officer Gonzalez (3 to 11) (Div 8)
9. Sergant Salemi (3 to 11) (Div 8)
10. LT. Anderson (3 to 11) (Div 8)

Revised 9/2007

## Relief Requested

1. To design and implement a program immediatly to address the needs of us mentally-ill detainees as mandated by law.

2. To put in place 24 hour observation of us mentally-ill detainees as mandated by law.

3. To assign and designate trained psycho officers to address the needs of us mentally-ill detainees as mandated by law.

4. To allow medicated mentally-ill detainees access to thier assigned cells as needed to prevent and discourage mentally-ill detainees from sleeping on cold concrete floors, steel benches and steel tables

Fred Rogers
#2007-0020-387
Fred Rogers

Revised 9/2007

EXHIBIT E

PART – C

## C.C.D.O.C. DETAINEE GRIEVANCE FORM PROCESSED AS A REQUEST

***Please Note :***
- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

**Detainee's Last Name:** Rogers   **First Name:** Fred

**ID#:** 007-000587  **Div:** 10  **Tier/Living Unit:** D2

**Date of Request:** 06/02/08   **Date C.R.W. Received Request:** 06/03/08

**This request has been processed by:** Mr. Peoples  **C.R.W.**

**Summary of Request:**

Detainee is requesting that all CCDOC staff be trained in psych issues/treatment.

**Response and/or Action Taken:**

Be Advised that DIV. X is now a Medical Division. As such, P/Chief will Assume whatever Accomodations are Approved by Cermak (Medical) and the DOC Policies

Chief C. Plaxico #14  CRgX Plaxico #14  **Date:** 06/04/08  **Div./Dept.** 10
(Print- name of individual responding)    (Signature of individual responding)

1 of 2

EXHIBIT (F)

Part-A / Control #: _Be free_

Referred To: _Supt ____ //_

# COOK COUNTY DEPARTMENT OF CORRECTIONS
## DETAINEE GRIEVANCE

Detainee Last Name: **Rogers**          First Name: **Fred**

ID #: **2007** - **0020387** Div.: **10** Living Unit: **2D** Date: **6/2/08**

SUMMARY OF THE COMPLAINT: Now brings this Grievance
based on my eighth and fourteenth amendment
rights that are being violated as follows:
While being confined here at the Cook County Jail,
Division 10, 2D, we are being left no other alterna-
tive, but to shower, urinate and defecate in
front of female staff that is ▬▬▬▬▬▬ from
Cermak Mental Health Care, during the hours
of 8am to 2pm. This current practice is an
invasion of our privacy and very disrespectful
to the female staff that is attempting talk to
you, monitor and lead groups that are an essential
Part of an adequate mental health program.

NAME OF DETAINEE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

ACTION THAT YOU ARE REQUESTING: SEE ADDITIONAL
Pages (Cont.)

DETAINEE SIGNATURE: _Fred Rogers_

C.R.W.'S SIGNATURE: _____          DATE C.R.W. RECEIVED: _06 03 08_

*Please note: Decisions of the "Detainee Disciplinary Hearing Board" cannot be grieved or appealed through the use of a grievance form. All appeals must be made in writing and directly submitted to the Superintendent.*

(WHITE COPY – PROG. SERV.)   (YELLOW COPY – C.R.W.)   (PINK COPY – DETAINEE)   (GOLDENROD COPY – DIVISION/SUPT. OFFICE)

The female staff being affected are as follows: Doctor Jones, Doctor Brar, Ms. Taylor and Ms. Jackson. "US", mentally-ill detainees have been placed in a inadequate mental health setting. Therefore, there has to be a immediate solution that does not infringe on our right to privacy and interfere with our theraputic mental health programs which are currently being hindered because of the above aforementioned.

⭐ Relief ⬦ Requested ⭐

Not doing so would infringe on our meetings and other theraputic programs as mandated by law

To allow our cell doors open during the hours of 8am to 2pm to accomodate the female staff. During those hours Cermak Mental Health staff are present.

Witnesses to be Called      Fred Rogers

① Ms Jackson - CHS              20070020387
② Ms. Taylor - CHS              Fred Rogers
③ Doctor Jones - CHS
④ Doctor Brar - CHS

**DETAINEE COPY**

EXHIBIT F

**PART – C**

## C.C.D.O.C. DETAINEE GRIEVANCE FORM PROCESSED AS A REQUEST

*Please Note :*
- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

Detainee's Last Name: _Rogers_    First Name: _Fred_

ID#: _2007-02257_ Div: _10_ Tier/LivingUnit: _D-2_

Date of Request: _1/2/08_    Date C.R.W. Received Request: _06/03/08_

This request has been processed by: _Mr. Flores_    C.R.W.

**Summary of Request:**

_Detainee request more privacy._

**Response and/or Action Taken:**

_Be advised that notice is given on the Tier Anytime female staff enter the Tier Detainees are responsible for clothing themselves, female staff may enter during an emergency will not giving notice. Lastly, cell doors shall not be open_

_Chief C. Plaxico #114_ - _Chief C. Plaxico #114_ Date _06/04/08_ Div./Dept. _10_
(Print- name of individual responding)    (Signature of individual responding)

( WHITE COPY – PROG. SERV. CENTRAL OFFICE )    ( YELLOW COPY – C.R.W. WEEKLY PACK )    ( PINK COPY – DETAINEE )

1 OF 3

Cook County Department of Corrections

# EXHIBIT G Detainee Grievance

Last Name: Rogers          First Name: Fred

ID#20070020387 Div 10 tier 2-D Date 6/1/08

Detainee Fred Rogers #20070020387 Now brings forth this grievance based on my legal, under the eighth amendment of the United States Constitution and further states that my legal rights based under the eighth amendment of the United States Constitution are, being violated as follows.

## ＊ SUMMARY ＊

On May 20, 2008 48 mentally-ill detainees were moved from Division 8, Residential treatment unit (RTU) to division 10 maximum security into filthy, unsanitized, unfit living conditions. All of the cells have desks that are burnt from detainees cooking in their assigned cells. In order to cook the detainees burnt an unknown material to heat the bottoms of the desks and that material left black soot all over the walls, that we are now breathing. The cell floors are dusty, dirty, and toilets unsanitized due to lack of cleaning materials available to detainees. This is a

C.R.W. Signature: _____

Date Recived: 06/03/08

Revised 9/2007

DETAINEE COPY

Processed as a Request

clear violation of cook county Department of corrects Rules and regulations (effective June 2006) dealing with health, safety and sanitation.

May 13, 2008, was the last time detainees on tier 2D had our sheets, pillow cases and towels exchanged for clean. Our sheets are smelly and some towels are developing mildew due to failure of changing them. The cook county Department of corrections Rules and Regulations for detainees, effective June 2006 states: clean linen will be issued on a weekly basis. Today is the eighteenth day and counting and we still have the same dirty linen. Which is a clear violation of our rights as detainees.

The entire of Division 10, 2D is infested with mice and roaches that are allowed to roam freely around the tier. The mice are able to jump and climb into our property boxes and damage and contaminate our commisary items. Mice germs and diseases, can easily be contracted by "us" mentally-ill detainees. Further stated "us" mentally-ill detainees have been placed in an inadequate living environment that does not tend to

the needs of the mentally-ill

## *RELIEF REQUESTED*

(1.) "us" detainees be allowed to clean and sanitize our cells and have cleaning supplies made available to us on a regular Basis. The walls of the cells be either ~~do~~ painted or powerwashed.

(2.) "us" detainees want our rights to clean linen on a weekly basis to be exercised and executed as described by Cook County Department of corrections Rules and Regulations effective June 2006.

(3) Some kind of extermination plan to be implemented to aid and prevent further infestation and most importantly protect the health and safety of detainees as mandated by law.

1 OR. Dan Morjal (cermak Health services)
2 Ms. Jackson
3. Mr. Derrick Dunnmore
4. Ms. taylor
5. Mr. Jackson
6. Dr. Jones (cermak health services)

mental health specialist

DETAINEE SIGNATURE

Revised 9/2007

X Fred Rogers

EXHIBIT G

**PART – C**

## C.C.D.O.C. DETAINEE GRIEVANCE FORM PROCESSED AS A REQUEST

*Please Note :*

- *If the detainee is not satisfied with the response and/or attempt at resolving this issue, the detainee may resubmit the concern and it will be processed as a grievance.*
- *When processed as a request, an appeal of the response and/or action taken cannot be made.*
- *When processed as a request, PART-B is not applicable.*

Detainee's Last Name: _____　　First Name: _Fred_

　　ID#: _____　Div: _10_　Tier/LivingUnit: _D 2_

Date of Request: ___/___/___　　Date C.R.W. Received Request: _06 / 03 / 08_

This request has been processed by: _____ C.R.W.

**Summary of Request:**

Detainee request assistance with living-unit conditions.

_____
_____
_____

**Response and/or Action Taken:**

P/Chief will ensure that divisional linen changes and uniform changes occur as scheduled.

P/Chief has made numerous security checks on 2nd floor Tiers and has never observed the conditions that you describe

Chief C. Plaxia #114 ‑ C/Res/C. Plaxia　Date: _06 / 04 / 08_　Div./Dept. _10_
(Print- name of individual responding)　(Signature of individual responding)

( WHITE  COPY – PROG. SERV. CENTRAL OFFICE )　( YELLOW COPY – C.R.W. WEEKLY PACK )　( PINK COPY – DETAINEE )

EXHIBIT H

Black Soot retrieved from Cell walls and cell
desks on tier 2D/Division 10.



ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

THOMAS M. PERCONTI, #20070035070          )

        PLAINTIFF,               )      DECLARATION

                         )      THOMAS M. PERCONTI

        -v-            )      CIVIL ACTION NO.

TOM DART,
SHERIFF OF THE COOK COUNTY JAIL.          )

        et al.           )
      DEFENDANTS

On June 1 2008, all detainees on tier 2D, division 10 did not recieve any of our prescribed psych medication whatsoever. On numerous occasions detainees housed on tier 2D, division 10 asked the officer assigned to our tier where our medication was he stated the nurse left for

The night there is not a nurse here any we would not recieve any medication stop asking! Not recieving our prescribed medication as prescribed could be dangerous and prove fatal.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT CHICAGO ILLINOIS ON _____June 1_____, 2008

/s/ _Thomas M. Perconti_

THOMAS M. PERCONTI

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

THOMAS M. PERCONTI, #20070035070          )

PLAINTIFF,          )          DECLARATION

)          THOMAS M. PERCONTI

—v—          )          CIVIL ACTION NO.

TOM DART,
SHERIFF OF THE COOK COUNTY JAIL.          )

et al.          )
DEFENDANTS

On June 4 2008, I, Plaintiff, Thomas M. Perconti approached officer Veley on the 7 to 3 pm shift and told her I needed a Detainee Grievance she then stated get out of my face I dont have any Grievances nor will I get any.

I then approached her the following day June 5 2008 and asked officer Veley once again for a Detainee Grievance she once again stated "Get out of my face, we dont have any Grievance and I am not getting any". Plaintiff, Thomas Perconti was not able to obtain a Grievance until June 9 2008, five days after I asked for one. Grievance should be available 24 hours a day on all 3 shifts per Cook County Department of Corrections Rules & Regulations.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT CHICAGO ILLINOIS ON _June 9_ , 2008

/s/ _Thomas M. Perconti_

THOMAS M. PERCONTI

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

THOMAS M. PERCONTI, #20070035070 )

PLAINTIFF, )                    DECLARATION

)                    THOMAS M. PERCONTI

-v-                          )    CIVIL ACTION NO.

TOM DART,                        )
SHERIFF OF THE COOK COUNTY JAIL. )

et al.                       )
DEFENDANTS                       )

On August 5 2008, plaintiff, Thomas Perconti, retrieved black soot from my cell in division 10, tier 2D, cell number 7 from the desk and walls to show the court the filthy conditions detainees are being forced to live under. I have included the soot as _Exhibit H_ at the back of our complaint. Please note

Plaintiffs have made Chief Apodaca Star # 114 Division 10 aware of our living conditions both verbally and by way of Detainee Grievance also included as <u>Exhibit</u> <u>B</u> There has been no attempt to improve our living conditions.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED AT CHICAGO ILLINOIS ON <u>August 5</u>, 2008

/s/ _Thomas M. Perconti_

THOMAS M. PERCONTI

August 10 2008

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT

THOMAS M. PERCONTI, #20070035070 )

PLAINTIFF, )

)

–v– )

TOM DART, )
SHERIFF OF THE COOK COUNTY JAIL.

et al. )
DEFENDANTS

DECLARATION

THOMAS M. PERCONTI

CIVIL ACTION NO.

It has now been 4 weeks since mentally-ill detainees in Division 10/2D have had a clean uniform change and 5 weeks since mentally-ill detainees have had a clean ~~~~ linen change (sheets + towels) The Cook county Department of Corrections Rules and Regulations for Detainees states "detainees should recieve clean uniforms and clean linens on a

weekly basis. Mentally ill detainees are being neglected and subjected to Cruel and Unusall Ponishment.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED AT CHICAGO ILLINOIS ON *August 10*, 2008

/s/ *Thomas M Perconti*

THOMAS M. PERCONTI

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

DERRICK HAYNES, #20070077847          )

      PLAINTIFF,          )          DECLARATION

               )          DERRICK HAYNES

      -v-          )          CIVIL ACTION NO.

TOM DART,
SHERIFF OF THE COOK COUNTY JAIL.          )

      et al.          )
      DEFENDANTS          )

My name is Derrick Haynes C.C.D.OC.#20070077847. I'M Making this declaration Regarding us Mentally-ill detainees here in Div-10 on the psych tier 2 D Not having psych Trained

officers that could treat and identify with us mentally ill detainees. on 6-3-08 no Psych trained officers all day.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED AT CHICAGO ILLINOIS ON _6-3-08_ , 2008

/s/ Derrick Haynes

DERRICK HAYNES

Original

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

DERRICK HAYNES, #20070077847          )

      PLAINTIFF,                      )          DECLARATION

                                      )          DERRICK HAYNES

         -v-                          )          CIVIL ACTION NO.

TOM DART,                             )
SHERIFF OF THE COOK COUNTY JAIL.
                                      )
         et al.
      DEFENDANTS                      )

My name is Derrick Haynes
C. C. D. O. C. #20070077847. I'm
making this ~~the~~ declaration Regarding
Not having linen change on
A week by week basis.
officers Cashen stated he
has been here for 10 years

and there has Consistently been A Problem with Clothing Changing. On 6-4-08 in Div 10.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED AT CHICAGO ILLINOIS ON ____6-4-08____ , 2008

/s/ Derrick Haynes

DERRICK HAYNES

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

DERRICK HAYNES, #20070077847          )

       PLAINTIFF,                       )          DECLARATION

                                        )          DERRICK HAYNES

       -v-                              )          CIVIL ACTION NO.

TOM DART,                            )
SHERIFF OF THE COOK COUNTY JAIL.      )

       et al.                           )
       DEFENDANTS                       )

My name is Derick Haynes C.C.D.O.C. #200700 77847. I'M Making this declaration Regarding Chief plaxico. On 6-5-08 at 8:00 Pm. On 2-D Div-10. Chief plaxico Came on 2-D and addressed the grievances I Was filing.

he, Chief plaxico stated
to Me and others to stop
flooding crw marles and
him with grievances.
this was done in A Very
threatening Manner.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED AT CHICAGO ILLINOIS ON _6 - 5 - 08_ , 2008

/s/ _Derrick Haynes_
DERRICK HAYNES

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

DERRICK HAYNES, #20070077847          )

      PLAINTIFF,          )          DECLARATION

      )          DERRICK HAYNES

     -v-          )          CIVIL ACTION NO.

TOM DART,          )
SHERIFF OF THE COOK COUNTY JAIL.          )

      et al.          )
      DEFENDANTS

My Name is Derrick Haynes C.C.D.O.C. #20070077847, I'M also A Plaintiff in this action. I'M Making this declaration Concerning the Ongoing Violence here in Div-10. Ever Since being transferred from Div-8 to Div-10 on May 20.08.

there has been an Extreme amount of Violence amongst detainees here on the psych tiers. For Lack of Programs and harsh Living Conditions. I've Witness a fight between detainees: Micheal Brown and Sean Jones. Cris Wright and Gardner. all doing the Month of July.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT CHICAGO ILLINOIS ON ___8-3-08___ , 2008

/s/ Derrick Haynes

DERRICK HAYNES

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

Fred ROGERS, #2007-00-20387 )
   PLAINTIFF,
                                )
     -V-                        )         DECLARATION
                                )         FRED ROGERS
TOM DART                        )         CIVIL ACTION NO.
SHERIFF OF THE COOK County JAIL )
      et al.                    )
   Defendants                   )
                                )

ON JUNE 1, 2008 All OF US DETAINEES ON
TIER 2-D DID NOT RECEIVE ARE P.M. MEDS
THE OFFICERS KEPT TELLING US TO HOID
ON THAT ARE MEDS WHERE COMING,
AND DURING THIS WHILE WAITING I
COULD NOT TAKE IT ANY MORE, THE
WALLS STARTED CLOSING IN AND
I HAD TO YELL OUT FOR THE
OFFICER AND HE CAME BACK
AND LET ME OUT OF THE CELL
THEN SAID HE WAS TAKING

ME TO CERMACK HOSPITAL, INSTEAD THEY TOOK ME DOWN STAIRS TO TALK TO THE SERGENT AND LIEUTENANT AND THEY SAID ONE NIGHT WITHOUT MEDS WOULDN'T HURT YOU AND THEN THEY PUT ME IN THE BULL PEN FOR A HOUR THEN TOOK ME BACK UP STAIRS WITH NO MEDS STILL.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT CHICAGO ILLINOIS ON June 2 , 2008

/s/ *Fred Rogers*

FRED ROGERS

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

FRED ROGERS, #2007-00-20387

    PLAINTIFF

    -V-

TOM DART
SHERIFF OF THE COOK COUNTY JAIL
    et al.
    DEFENDANTS

DECLARATION
FRED ROGERS

CIVIL ACTION NO.

ON JUNE 8, 2008 CHIEF PLAXICO CAME ON TO THE TIER OF 2-D DIVISION 10 AND WE DETAINEES ASKED WWAT THEY WHERE GOING TO DO ABOUT THE MICE RUNING AROUND AND GOING INTO YOUR COMMISSARY AND HE SAID TO US DET-

AINEES THAT THEY LIVE HERE
WE ARE JUST VISTORS THAT AS
LONG AS THE TUNNELS WERE
HERE WE WHERE GOING TO
HAVE MICE.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.
EXECUTED AT CHICAGO ILLINDIS ON JUNE 9 ,2008

/s/ Fred Rogers

FRED ROGERS #2007-00-20387

ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT

FRED ROGERS, #2007-00-20387    )
          )  DECLARATION
   PLAINTIFF    )  FRED ROGERS
    -V-     )  CIVIL ACTION NO.
          )
TOM DART,
SHERIFF OF THE COOK COUNTY JAIL.  )
    et al.   )
   DEFENDANTS   )

ON JUNE 11 2008, WHEN LIEUTENANT
TUCKER CAME TO THE TIER
THE DETAINEES ASKED HIM
ABOUT LINEN AND CLOTHING
EXCHANGE AND HE SAID
HE HAD TO WORK ON THAT
STILL BECAUSE AS IT IS
THEY DON'T HAVE ENOUGH

CLOTHES OR LINEN TO GO
AROUND TO EVERYBODY.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT.
EXECUTED AT CHICAGO ILLINOIS ON JUNE 12 2008
/S/ Fred Rogers
FRED ROGERS # 2007.00-20387

# <u>CERTIFICATE OF SERVICE</u>

I, Derrick HAYNES, SWEAR UNder Penalty OF PerJurY that I have Mail (1) one original And (7) SEVEN Copies OF 1983 Complaint on the Clerk's Office U.S. District Court by Placing Said Documents in the Mail At the COOK CountY JAil C.C.D.O.C. On <u>AUGUST 23 200 8</u>

/s/ <u>Derrick Haynes</u>
Derrick HAYNES
#20070077847