IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DERRICK HAYNES, THOMAS M. )
PERCONTI, CHARLES B. HILL, and FRED )
ROGERS, on behalf of themselves and a )
class of others similarly situated, ) Civil Action No.: 08 C 4834
)
Plaintiffs, ) Suzanne B. Conlon, Judge
)
v. )
)
THOMAS DART, *et al.*, )
)
Defendants. )

## **MEMORANDUM OPINION AND ORDER**

Derrick Haynes, Thomas M. Perconti, Charles B. Hill, and Fred Rogers (collectively "plaintiffs") are mentally ill pre-trial detainees at the Cook County jail who allegedly have been deprived of mental health treatment, humane confinement conditions, and access to courts and counsel. On behalf of themselves and a class of others similarly situated, they sue Cook County, Cook County Sheriff Thomas Dart, Cook County Jail Executive Director Salvador Godinez, Cook County Jail Division Ten Superintendent Thomas Snooks, former Cook County Jail Division Ten Superintendent M. Figliulo, Cook County Jail Division Ten Security Chief Victor Thomas, former Cook County Jail Division Ten Security Chief Chester Plaxico, Cook County Jail Program Services Supervisor John Mueller, Cook County Jail Sergeant John Manos, Cermak Health Services, and Cermak Health Services Chief Operating Officer David Fagus (collectively "defendants").

Plaintiffs allege violations of 42 U.S.C. § 1983, the Americans with Disabilities Act [42 U.S.C. § 12131], the Rehabilitation Act [29 U.S.C. § 794], the Illinois Constitution, and assert

various state law claims. Defendants move to dismiss the amended complaint for failure to state a claim. For the reasons set forth below, the motion is granted in part.

## BACKGROUND

The following facts are derived from the amended complaint and are accepted as true for purposes of this motion. Plaintiffs are mentally ill pre-trial detainees at the Cook County jail. They have repeatedly attempted suicide. Am. Compl. ¶¶ 75-78. Until May 20, 2008, plaintiffs were housed in the jail's residential treatment unit ("RTU"), which housed 300 to 400 mentally ill pre-trial detainees. *Id.* ¶ 31. RTU provided continuous observation by mental health specialists and guards, and constant access to therapists. *Id.* ¶ 30. Plaintiffs had access to their beds at all times so they could rest after being medicated. *Id.* RTU was equipped with therapeutic programs to address mental health needs. *Id.*

Defendants closed RTU and implemented a policy that assigns mentally ill detainees to housing divisions based upon their security classification, not their mental health status. *Id.* ¶ 35. On May 20, 2008, plaintiffs were ordered to gather their belongings and were transferred to a maximum security division in the jail, which does not provide mental health treatment, and does not employ guards trained to interact with mentally ill detainees. *Id.* ¶¶ 32, 40. Since the transfer, plaintiffs have not received their prescribed medication on several occasions, have not received the requisite 15 weekly hours of therapy (some plaintiffs currently receive no therapy), and rest on rodent and insect-infested concrete floors after receiving medication. *Id.* ¶¶ 40-41, 43, 60. Former Division Ten Superintendent Figliulo allegedly stated he "'did not care about all the detainees sleeping on the floor [*sic*] this is fine with me as long as they are not dead.'" *Id.* ¶ 60.

2

Defendants distribute razors to the detainees at night for shaving, but do not collect them until morning, and sometimes not at all. *Id.* ¶ 54. Correctional officers are required to conduct suicide cell checks every 15 minutes, but officers commonly play cards or sleep instead, and falsely document the checks. *Id.* ¶¶ 50-51. RTU trained mental health specialists objected to its closure. *Id.* ¶ 37. However, during a meeting with correctional officers, Executive Director Godinez allegedly told officers that Cook County jail has a low suicide rate and "'can afford a few deaths.'" *Id.* ¶ 38.

Cook County jail is infested with rodents, cockroaches, and insects. *Id.* ¶ 58. The vermin climb into plaintiffs' property boxes and damage commissary items. *Id.* Defendants have set glue traps but have not collected dead, rotting rats. *Id.* ¶ 59. Detainees are not provided sufficient cleaning supplies, or clean uniforms, undergarments, towels, or bed linens. *Id.* ¶¶ 62-64. Temperature regulation and air ventilation are deficient. *Id.* ¶¶ 65-69. Jail walls are covered with blood and other bodily substances. *Id.* ¶ 70. Guards degrade and harass detainees by conducting unnecessary lockdowns, threatening to pepper spray the detainees, and arbitrarily cancelling scheduled recreation time. *Id.* ¶ 71.

Plaintiffs have attempted to file grievances. Jail Program Services Supervisor Mueller converted the grievances into requests to avoid issuance of a control number and circumvent Cook County jail's grievance procedures. *Id.* ¶ 73. Sergeant Manos refused to provide plaintiffs with grievance forms, refused to accept grievance forms, and threatened plaintiffs to prevent grievance filings. *Id.* ¶ 74. Former Division Ten Security Chief Plaxico ordered plaintiffs "'to stop filing grievances [*sic*] this is jail and it is what it is!'" *Id.* Division Ten Superintendent

Snooks told a detainee to "shut the [expletive] up" when a detainee was attempting to report the jail conditions, and threatened detainees with lockdowns if they reported the conditions. *Id.*

## DISCUSSION

### I. Legal Standard

A motion to dismiss may challenge the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, all well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide a short and plain statement giving defendants fair notice of the nature and basis of each claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007); *Tamayo*, 526 F.3d at 1081; Fed. R. Civ. P. 8(a)(2). This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Id.* at 1965, 1974; *Tamayo*, 526 F.3d at 1083.

### II. Cermak Health Services

Defendants argue Cermak Health Services should be dismissed because it is a non-suable entity. Cermak Health Services provides healthcare to Cook County jail detainees. According to defendants, Cook County owns and operates Cermak Health Services; thus, Cermak Health Services is not an independent governmental entity. *Payne v. Cook County Hosp.*, 719 F. Supp. 730, 733-34 (N.D. Ill. 1989) (Moran, J.). Plaintiffs concede that Cermak Health Services is a non-suable entity. Dismissal is appropriate.

## III. Individual Capacity Claims against Dart and Godinez

Plaintiffs sue Dart and Godinez in both their individual and official capacities as Cook County Sheriff and Cook County Jail Executive Director, respectively. Defendants contend plaintiffs fail to state § 1983 claims against Dart and Godinez in their individual capacities because they do not allege either knew about plaintiffs' mental health condition, or was personally involved in the alleged deprivations.

To state a § 1983 claim against Dart or Godinez in their individual capacities, plaintiffs must allege they caused or participated in the alleged constitutional deprivations. *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996). Mere supervisory status does not provide a basis for § 1983 liability. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Plaintiffs identify Dart and Godinez as defendants who decided to close RTU. Am. Compl. ¶ 37. During a meeting with correctional officers, Godinez allegedly told officers that Cook County jail has a low suicide rate and can afford a few deaths. *Id.* ¶ 38. Plaintiffs allege Dart, Godinez, and other defendants intentionally created, authorized, or implemented policies or procedures that under-diagnose detainees' mental illness. *Id.* ¶ 42. And plaintiffs allege Dart and Godinez are aware of the allegedly inadequate mental health treatment and deficient jail conditions, but have failed to remedy them. *Id.* ¶¶ 50, 139, 169, and 171. Assuming the truth of these allegations and drawing all reasonable inferences in plaintiffs' favor, the complaint adequately alleges Dart and Godinez caused or participated in constitutional deprivations. Plaintiffs state § 1983 claims against Dart and Godinez in their individual capacities.

5

## IV. Equitable Relief (Counts I, III, V, VII, IX-XIII, and XVII-XVIII)

Defendants argue plaintiffs' request for equitable relief in Counts I, III, V, VII, IX-XIII, and XVII-XVIII should be dismissed because the proper remedy is for plaintiffs to seek a contempt order under the consent decrees in *Duran, et al. v. Elrod, et al.*, No. 74 C 2949 (N.D. Ill. April 9, 1982), and *Harrington, et al. v. DiVito, et al.*, No. 74 C 3290 (N.D. Ill. Oct. 19, 1976). Defs.' Motion, Exs. A and B. According to defendants, the consent decrees apply to present and future Cook County jail detainees, and generally govern claims for equitable relief based on jail conditions, mental health treatment, and access to the law library.

Plaintiffs' allegations are particularized. In addition to inhumane conditions of confinement and lack of access to courts and counsel, plaintiffs claim they are mentally ill and were housed in RTU until its abrupt closing. At that point, plaintiffs were transferred to other divisions according to their security classification, not their mental health status. Am. Compl. ¶¶ 31-35. Since the transfer, plaintiffs have not been receiving adequate mental health care, and the jail has implemented a policy that under-diagnoses mental illness. *Id.* ¶¶ 40-44. Plaintiffs seek to represent a class of all mentally ill Cook County jail pre-trial detainees deprived of mental health treatment after August 25, 2006, and a subclass of all mentally ill Cook County jail pre-trial detainees who were housed in RTU but transferred to other divisions when RTU closed. *Id.* ¶¶ 91, 93. Defendants fail to meet their burden of demonstrating these claims and factual issues are the same claims and issues resolved by the *Duran* and *Harrington* consent decrees. Plaintiffs' equitable relief claims in Counts I, III, V, VII, IX-XIII, and XVII-XVIII stand.

## V. Section 1983 Claims for RTU Closure (Counts III and IV - All Defendants)

Defendants contend Counts III (§ 1983 equitable relief claim based on RTU closure) and IV (§ 1983 damages claim based on RTU closure) should be dismissed because plaintiffs do not have a liberty interest in the location of their confinement within the Cook County jail. *See Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (the mere fact that pretrial detention interferes with a person's desire to live comfortably does not render confinement conditions unconstitutional). Defendants mischaracterize plaintiffs' allegations. Counts III and IV allege defendants were deliberately indifferent to plaintiffs' mental health care needs by closing RTU and transferring them to non-RTU divisions. Am. Compl. ¶¶ 122-132. Assuming the truth of plaintiffs' allegations and drawing all reasonable inferences in their favor, the alleged lack of mental health care is the purported liberty deprivation, not plaintiffs' location in the jail. Counts III and IV stand.

## VI. Abuse of Process (Count XV - Defendants Mueller, Snooks, Manos, and Plaxico)

Mueller, Snooks, Manos, and Plaxico argue Count XV (abuse of process) fails to state a claim because the grievance procedures at the Cook County jail are not a legal process. Abuse of process is the misuse of legal process to accomplish some purpose outside the scope of the process itself. *Kumar v. Bornstein*, 820 N.E.2d 1167, 1173 (Ill. App. Ct. 2005) (citing *Bonney v. King*, 66 N.E. 377 (Ill. 1903)). The elements of abuse of process are the existence of an ulterior purpose, *i.e.*, defendant instituted proceedings against plaintiff for an improper purpose such as extortion, intimidation, or embarrassment, and some act in the use of legal process not proper in the regular prosecution of the proceedings. *Id.*; *Podolsky v. Alma Energy Corp.*, 143 F.3d 364,

372 (7th Cir. 1998). The elements of abuse of process are strictly construed because Illinois law does not favor the tort. *Kumar*, 820 N.E.2d at 1173.

Plaintiffs allege Mueller, Snooks, Manos, and Plaxico interfered with their use of the grievance process and prevented them from using the grievance process. Am. Compl. ¶¶ 86-89, 196-206. But plaintiffs do not allege defendants *instituted* any proceedings against them. Plaintiffs fail to state an abuse of process claim. Count XV is dismissed.

## VII.   Tortious Interference with Contract (Count XVI - Defendants Mueller, Snooks, Manos, and Plaxico)

Mueller, Snooks, Manos, and Plaxico contend Count XVI (tortious interference with contract) should be dismissed because plaintiffs fail to allege a valid contract. To state a claim for tortious interference with contract, plaintiffs must plead that a valid, enforceable contract existed between them and a third party; defendants knew about the contract; defendants intentionally and unjustifiably induced a breach of the contract; defendants' wrongful conduct caused the third party to subsequently breach the contract; and damages. *Williams v. Shell Oil Co.*, 18 F.3d 396, 402 (7th Cir. 1994); *Kehoe v. Saltarelli*, 786 N.E.2d 605, 612 (Ill. App. Ct. 2003). A valid and enforceable contract requires an offer and acceptance, consideration or mutuality of obligation, definite and certain terms, and mutual assent to the terms. *See Association Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849-50 (7th Cir. 2007); *Tortoriello v. Gerald Nissan of North Aurora, Inc.*, 882 N.E.2d 157, 178 (Ill. App. Ct. 2008); *Schwinder v. Austin Bank of Chicago*, 809 N.E.2d 180, 190 (Ill. App. Ct. 2004).

Plaintiffs allege the "grievance procedures of CCJ [Cook County jail] are incorporated in a written policy that forms a valid and enforceable contract" between plaintiffs and the Cook County jail. Am. Compl. ¶ 213. According to plaintiffs, Mueller, Snooks, Manos, and Plaxico

8

improperly processed their grievances as requests, refused to accept grievances, ordered plaintiffs to stop filing grievances, and threatened punishment for filing grievances. Am. Compl. ¶¶ 209-212. Plaintiffs argue the loss of their right to sue constitutes adequate consideration because it is a detriment to them and a benefit to defendants. Plaintiffs, however, do not attach a copy of the policy, do not allege its content or terms, and do not allege mutual assent to the terms. Plaintiffs allege the contract is between them and the Cook County jail. But Cook County jail does not have a legal existence separate from Cook County. *Fanning v. Cook County*, No. 05 C 2020, 2006 WL 385065, at *3 (N.D. Ill. Feb. 15, 2006) (St. Eve, J.). Plaintiffs do not allege the basic elements of a contract. The allegations are too vague to support the existence of a valid and enforceable contract. Mueller, Snooks, Manos, and Plaxico's alternative argument that, as employees of Sheriff Dart, they are parties to the purported contract, and may not tortiously interfere with their own contract, need not be reached. Plaintiffs fail to allege a plausible claim for tortious interference with contract. Count XVI is dismissed.

## VIII. Negligence (Count XIX - Defendants Dart and Cook County)

Dart and Cook County argue Count XIX (negligence) should be dismissed because plaintiffs fail to allege they voluntarily undertook any duty to plaintiffs. Under the voluntary undertaking theory of liability, one who undertakes, gratuitously or for consideration, to render services to another is subject to liability for bodily harm caused to the other by the failure to exercise due care in performing the undertaking. *LM ex rel. KM v. United States*, 344 F.3d 695, 700-01 (7th Cir. 2003); *Rhodes v. Illinois Cent. Gulf R.R.*, 665 N.E.2d 1260, 1273 (Ill. 1996).

Plaintiffs allege Dart and Cook County voluntarily assumed a duty to operate the Cook County jail to "'meet and exceed the standards of the American Correctional Association and the

Illinois Department of Corrections Jail and Detention Standards Unit, and the John Howard Association . . . .'" Am. Compl. ¶¶ 232-33. This statement is set forth on Dart's website. Plaintiffs' Response, Ex. 1: Website Statement. According to plaintiffs, Cook County jail fails to meet these standards. Am. Compl. ¶ 234. Dart and Cook County contend the website statement actually represents that the jail "'constantly strives'" to meet and exceed the standards, not that it actually will. Assuming the truth of plaintiffs' allegations regarding the jail conditions and lack of mental health treatment, plaintiffs sufficiently allege a voluntary undertaking and the failure to exercise due care in performing the undertaking. Dart and Cook County contend plaintiffs fail to allege bodily harm. Plaintiffs allege physical injury, including back injuries, asthmatic conditions, and premature death. Am. Compl. ¶¶ 61, 68, 118, 129, 156, 162, 231, 235. Plaintiffs sufficiently allege bodily harm.

Dart and Cook County argue they are immune from liability for negligence under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/4-103. This statutory provision provides "[n]either a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein." 745 ILCS 10/4-103. This argument is waived because it is raised for the first time in defendants' reply brief. *Wade v. City of Chicago Heights*, 575 N.E.2d 1288, 1302 n.3 (Ill. App. Ct. 1991). Regardless, Dart and Cook County fail to meet their burden of demonstrating plaintiffs' allegations constitute the conduct immunized by § 10/4-103.

Cook County argues it is not vicariously liable for Dart's alleged negligence. A county's *respondeat superior* liability does not extend to a sheriff's acts because the sheriff is an

10

independently elected county officer, not a county employee. *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994). Cook County has no authority to control the sheriff. *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989). Cook County is not vicariously liable for Dart's alleged voluntary undertaking. Count XIX (negligence) stands against Dart, but is dismissed against Cook County.

### IX. Section 1983 Claim and Violation of Illinois Constitution for Denial of Access to Courts and Counsel (Counts XVII and XVIII - Defendants Dart, Godinez, and Cook County)

Dart, Godinez, and Cook County argue Counts XVII and XVIII (denial of access to courts and counsel) should be dismissed because plaintiffs fail to allege they were injured by the alleged denial of access to courts and counsel. Prisoners have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977). To state a claim for denial of that right, a prisoner must allege the deprivation resulted in actual injury by hindering his efforts to pursue a nonfrivolous claim. *Lewis v. Casey*, 518 U.S. 343, 349-53 (1996). Plaintiffs allege the jail's one-hour time restriction on law library access, and its policy prohibiting telephone communication with counsel, deprive them of meaningful access to the courts and counsel. Am. Compl. ¶¶ 218-230. Plaintiffs claim the jail's practices precluded them from providing counsel with sufficient information to draft the amended complaint, and harmed their criminal defense. *Id.* ¶¶ 227, 230. Assuming the truth of plaintiffs' allegations, and drawing all reasonable inferences in their favor, plaintiffs allege an injury from the alleged denial of access to courts and counsel. Counts XVII and XVIII stand.

## X. Section 1983 Claim for Violation of International Covenant on Civil and Political Rights (Count XX - All Defendants)

Defendants argue Count XX (violation of International Covenant on Civil and Political Rights) should be dismissed because the covenant does not create a private right of action. Plaintiffs respond Count XX is not an action under the covenant. Rather, plaintiffs seek relief under § 1983 for deprivation of the rights the covenant protects, namely, the right to be treated humanely and in a manner appropriate to their status as detainees. International Covenant on Civil and Political Rights, Dec. 16, 1966, 999 U.N.T.S. 171.

The "United States ratified the Covenant on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004). Congress has not enacted enabling legislation for the covenant. Plaintiffs, therefore, have no private right of action under the covenant, and may not base a § 1983 claim on obligations not enforceable in federal court. Count XX is dismissed.

## CONCLUSION

Defendants' motion to dismiss the amended complaint is granted in part. Cermak Health Services is dismissed because it is a non-suable entity. Count XV (abuse of process) is dismissed because plaintiffs do not allege defendants instituted any proceedings against them. Count XVI (tortious interference with contract) is dismissed because plaintiffs do not allege a valid and enforceable contract. Count XIX (negligence) is dismissed against Cook County because the county is not vicariously liable for Dart's alleged voluntary undertaking. Count XX (violation of International Covenant on Civil and Political Rights) is dismissed because the covenant does not create obligations enforceable in federal court.

The § 1983 claims against Dart and Godinez in their individual capacities stand because plaintiffs allege Dart and Godinez caused or participated in constitutional deprivations. Plaintiffs' request for equitable relief in Counts I, III, V, VII, IX-XIII, and XVII-XVIII stands because defendants fail to meet their burden of demonstrating that the substantive claims and factual issues are the same claims and issues resolved by the *Duran* and *Harrington* consent decrees. Counts III (§ 1983 equitable relief claim based on RTU closure) and IV (§ 1983 damages claim based on RTU closure) stand because plaintiffs allege they are deprived of mental health care. Count XIX (negligence) stands against Dart because plaintiffs sufficiently allege a voluntary undertaking and the failure to exercise due care in performing the undertaking. Counts XVII and XVIII (denial of access to courts and counsel) stand because plaintiffs sufficiently allege an injury from the alleged deprivation.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

March 6, 2009