**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DERRICK HAYNES, THOMAS M. PERCONTI, CHARLES B. HILL, and FRED ROGERS, on behalf of themselves and a class of others similarly situated ) ) ) ) ) | Case No. 08-4834 |
| Plaintiffs, ) ) | Honorable Suzanne B. Conlon |
| vs. ) ) | Magistrate Judge Maria Valdez |
| THOMAS DART, et al., ) ) | |
| Defendants. ) | |

## NOTICE OF NEW FACTUAL EVIDENCE SUPPORTING PLAINTIFFS' MOTION

On January 12, 2010, Plaintiffs conducted a Rule 30(b)(6) deposition of Cook County relating to 2 topics regarding Cook County's efforts to identify responsive documents to Plaintiffs' discovery request and their production efforts generally. Cook County designated Dr. Michael Puisis, the Chief Operating Officer of Cermak Health Service to be the designee for these topics. A copy of the transcript is attached hereto as Exhibit A.

Shortly after that deposition commenced, Defendant Cook County was forced to terminate the deposition in light of Dr. Puisis's inability to answer the questions posed, recognizing that he was not sufficiently prepared to serve as the 30(b)(6) designee. (Exhibit A, Dr. Puisis Dep. Tr. at 28:11-29:5.)[1] The parties agreed to discuss a future date to re-commence the deposition. (*Id.*)

Importantly, before the deposition was terminated, Dr. Puisis had testified that he had personally instructed the several department heads at Cermak to begin document collection

---

[1] Plaintiffs' counsel agreed to forgo any motion seeking costs and attorneys' fees relating to Defendants' failure to properly prepare their Rule 30(b)(6) deponent for the designated topics. Accordingly, Plaintiffs are not seeking such relief.

efforts *two or three weeks prior to the deposition*, or in other words, during late December of 2009 or even early January 2010. (Ex. A, Dr. Puisis Dep. Tr. at 16:9-17:7 (discussing the process of reaching out to the department heads to gather relevant documents); 18:1-4 (stating these efforts began 2-3 weeks prior to the January 12, 2010 deposition, or sometime in late December 2009 or early January 2010).)

As this Court knows, the document requests were propounded in February of 2009, more than 10 months prior to Dr. Puisis's efforts to gather documents. While Dr. Puisis went on to discuss some other document production efforts that had gone on before that date (after a 24 minute break with counsel) (*see id.* at 20:7-12 (noting the 24 minute break); 20:19-21:21 (Dr. Puisis "clarifying" his prior testimony to discuss certain specific and limited document collection efforts that had occurred prior to this 2-3 week previous effort), the record speaks for itself and strongly suggests that Cermak's true document production efforts have just begun.

Indeed, the first step to a true document production effort would be contacting each of the department heads to find out the relevant document custodians in each department, and beginning the document sweep process, the very thing Dr. Puisis did 2-3 weeks prior to his January 12, 2010 deposition. This testimony is consistent with what has been produced to Appointed Counsel (or more accurately what has *not* been produced), because there are huge categories of documents, including in particular emails, that have been completely lacking from Cook County's production up until the past two weeks.[2]

---

[2] During the January 7, 2010 document inspection, Appointed Counsel found a small handful of emails intermixed with the other documents made available. These emails demonstrate that the relevant individuals at Cook County (and at least some individuals in the Sheriff's department) use both work and personal emails to communicate about issues that are highly relevant to this case. Despite that fact, the Sheriff-related Defendants have still not produced *a single email* in this case, and the very few emails from Cook County during the January 7th inspection merely serve to demonstrate the large number of emails that Cook County has failed to produce.

Additionally, although the Defendants offered to make available documents for inspection on November 6, 2009, Appointed Counsel had not been able to inspect those documents despite repeated requests over the prior two months.  Indeed, the first available date for document inspection of Cook County documents was January 7, 2010, and Appointed Counsel reviewed the limited documents made available during that day.  The first available dates provided by the Sheriff-related defendants was January 13 and 14, 2010, with inspection of certain documents scheduled for the 13th and other documents located in another building scheduled for the 14th.  (Exhibit B (January 6, 2010 email from Sheriff's counsel to Appointed Counsel).)  Appointed Counsel promptly accepted this offer and indicated he wanted to start the inspection as early as possible, which in this case was 8:30 a.m.  (Exhibit C (January 6, 2010 email response from Appointed Counsel).)  But at the end of the day on January 12th, the Sheriff-related Defendants cancelled that second document inspection, leaving only the Division X document inspection on the 13th.  (Exhibit D (January 12, 2010 letter from Sheriff's counsel).  Appointed Counsel was not told the reason for the cancellation, or provided with a time frame for when that inspection would be rescheduled.

Although Defendants have not filed any objection to Plaintiffs Motion for Leave to file Fourth Amended Class Action Complaint and to Extend Case Management Dates, Plaintiffs file these exhibits and brief to support the motion for extension and to demonstrate that although Appointed Counsel has filed several motions for extensions of time, and strongly believes that significant extensions are reasonable, necessary, and appropriate in this case, Appointed Counsel is not responsible for the delays in this case.

**WHEREFORE**, Plaintiffs DERRICK HAYNES, THOMAS M. PERCONTI, CHARLES B. HILL, and FRED ROGERS, on behalf of themselves and a class of others similarly situated, through their Appointed Counsel, respectfully request that the Court grant their Motion; extend the Case Management dates by at least 6 months; and grant such further relief as this Court deems necessary and proper.

Dated:  January 15, 2010                                    Respectfully submitted,

/s/ Anthony T. Eliseuson
One of the appointed attorneys for Plaintiffs

Mark A. Flessner (ARDC #6194599)
Anthony T. Eliseuson (ARDC #6277427)
SONNENSCHEIN NATH & ROSENTHAL LLP
7800 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606
(312) 876-8000
(312) 876-7934 (fax)
mflessner@sonnenschein.com
aeliseuson@sonnenschein.com
*Appointed attorneys for Plaintiffs Derrick Haynes, Thomas M. Perconti, Charles B. Hill, and Fred Rogers*

4

## CERTIFICATE OF SERVICE

I, Anthony T. Eliseuson, an attorney, hereby certify that on January 15, 2010, I electronically filed the preceding with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

- **Kevin W. Frey**
  **kfrey@cookcountygov.com**

- **Richard A. Devine**
  **richard.devine@mbtlaw.com**

- **James J. Knibbs**
  **james.knibbs@mbtlaw.com**

- **Tracey A. Dillon**
  **tracey.dillon@mbtlaw.com**

                                                /s/Anthony T. Eliseuson
                                                Anthony T. Eliseuson